**Isaac HILLIARD, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 14741.**

United States Court of Appeals
Sixth Circuit.

Dec. 12, 1962.

John A. Fulton, Woodward, Hobson &
Fulton, Louisville, Ky., for appellant.

Earl J. Silbert, Atty., Dept. of Justice,
Washington, D. C. (Louis F. Oberdorfer,
Asst. Atty. Gen., Lee A. Jackson, Joseph
Kovner, Attys., Dept. of Justice, Washington, D. C., William E. Scent, U. S.
Atty., Louisville, Ky., on the brief), for
appellee.

Before CECIL, Chief Judge, O'SULLIVAN, Circuit Judge, and DARR, Senior
District Judge.

PER CURIAM.

This is an appeal by a taxpayer from
an adverse decision in a tax refund suit
brought in the District Court. The facts
are not in dispute. During the taxable
year in question, 1957, taxpayer maintained a home in which he, his daughter,
and her husband lived. On May 4, 1957,
taxpayer's son-in-law died. Taxpayer
and his daughter continued to reside
together in the home for the balance of
the taxable year. Although her husband
died during the course of the taxable
year, the daughter filed a joint income
tax return for that year, as permitted and
provided by Section 6013, I.R.C.1954,
26 U.S.C.A. § 6013. Taxpayer filed his
income tax return for 1957, claiming
that he was entitled to treatment as a
"head of household" under Section 1(b)
(2), I.R.C.1954, 26 U.S.C.A. § 1(b) (2).

Section 1(b) (2), I.R.C.1954, provides
in pertinent part:

"For purposes of this subtitle, an
individual shall be considered a head
of a household if * * * (A) [he]
maintains as his home a household
which constitutes for such taxable
year the principal place of abode, as
a member of such household, of—(i)
a * * * daughter * * * of the
taxpayer, but if such * * *
daughter * * * *is married at the
close of the taxpayer's taxable year,*
only if the taxpayer is entitled to a
deduction for the taxable year for
such person under section 151
* * *." (Emphasis added.)

It is stipulated that taxpayer was
not entitled to a deduction for his daughter (as a dependent) under § 151 of the

632

Code. His claimed status as "head of household" was, however, based, in part, on the fact that his home was the principal place of abode of his daughter, and the further fact that she was unmarried at the close of his taxable year. The Commissioner, whose position was sustained by the District Court, contends that because the daughter was married until her husband's death in May of 1957, she should be considered married at the close of the taxable year 1957. This is so, it is contended, because in other sections of the Code, not related to the status of the daughter of a head of a house, marital status is determined as of the date of a spouse's death occurring during a taxable year. (See Sections 143, 153 and 6013(d) (1) (B), I.R.C.1954.)

We do not agree with this contention. The language used in Section 1(b) (2) is clear and unambiguous. The relevant time, in that section, for determining the marital status of taxpayer's daughter is at the *close of his taxable year*. Nothing in Section 1(b) (3) of the Code, which imposes certain restrictions on the "head of household" provisions, modifies that part of Section 1(b) (2) in question here. At the close of taxpayer's taxable year, his daughter was not married. She was a widow. Consequently, under the literal language of Section 1(b) (2), taxpayer qualifies as a "head of household" for 1957.

We may not, under the guise of construction, find a Congressional intent that is contrary to the clear language employed by it. Where a statute is unambiguous, it should be given effect according to its literal language. McFeely v. Commissioner, 296 U.S. 102, 111, 56 S.Ct. 54, 80 L.Ed. 83, 90. Nor should we " * * * depart from the plain meaning of the section in an effort to bring about a uniformity which it is claimed Congress intended but failed to express." McFeely v. Commissioner, 296 U.S. 102, 111, 56 S.Ct. 54, 80 L.Ed. 83, 90. See, also, Helvering v. Bliss, 293 U.S. 144, 55 S.Ct. 17, 79 L.Ed. 246; 1 Mertens, Law of Federal Income Taxation, § 3.13, p. 21.

Taxpayer's situation in this case meets the requirements of Section 1(b) (2) and he is entitled to its benefits. The judgment of the District Court is clearly erroneous (Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218). Therefore, it is reversed with direction to enter judgment for plaintiff-appellant.