David R. BAYS, et al., Plaintiffs,

v.

HUNTER SAVINGS ASSOCIATION,
Defendant.

No. C–1–81–889.

United States District Court,
S. D. Ohio, W. D.

May 13, 1982.

Timothy L. Bouscaren, Cincinnati, Ohio, for plaintiffs.

Louis F. Gilligan, Cincinnati, Ohio, for defendant.

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION IN PART AND DENYING PLAINTIFFS' MOTION IN PART

SPIEGEL, District Judge:

This case is before the Court upon motion of the plaintiffs for leave to file an amended complaint (doc. 7), defendant's memorandum in opposition (doc. 13), and plaintiffs' reply (doc. 14). By agreement of the parties, this matter will be treated as if it were before the Court on a motion by the defendant for judgment on the pleadings under Fed.R.Civ.P. 12(b). It is defendant's position that the motion for leave must be denied with regard to Count Five on the ground it fails to state a claim upon which relief may be granted. Count Five alleges that the defendant is liable to plaintiffs for damages under Section 1964 of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962 *et seq.* Defendant also asserts that the motion for leave must be denied with respect to Counts One, Two, Three and Four, as they pertain to George and Alice Childers on the ground the Truth-in-Lending Act ("TIL") does not apply to their mortgage loan. Finally, defendant asserts that the motion for leave must be denied with regard to Counts Three and Four on the ground those complaints are barred by the statute of limitations. For the reasons set forth below we find that plaintiffs' motion should be denied with regard to Count Five and granted with regard to all other parts.

The Sixth Circuit, in *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir. 1976), stated the general standard for review on a motion to dismiss. All of the allegations in the complaint are to be taken as true and the complaint is to be construed liberally in favor of the party opposing the motion. Fed.R.Civ.P. 8(a) applies to the general matters pleaded in the proposed amended complaint and requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." With regard to the allegations of fraud, Fed.R. Civ.P. 9(b) applies and requires that "The circumstances constituting fraud ... shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of the person may be averred generally."

This class action complaint was originally filed by David and Patricia Bays, alleging that the defendant Hunter Savings Association violated provisions of the TIL, 15

U.S.C. §§ 1601 *et seq.* The complaint was filed on behalf of themselves and all others who had entered into consumer credit transactions with defendant Hunter Savings.

In May of 1971, plaintiffs Bays borrowed $14,200.00 from Hunter at 7¾% interest, for a term of 25 years, and executed a mortgage note for that amount. The Truth-in-Lending disclosure statement furnished by defendant indicated the following payment terms:

> PAYMENT TERMS: Payments for principal and interest shall be 300 monthly installments of $107.27 beginning on the 3rd day of June, 1971 and due on the 3rd day of each month thereafter. The finance charge on this transaction accrues from 5–31–81.

The mortgage note executed by the parties also contained the following paragraph:

> It is expressly understood and agreed that the interest rate stipulated herein may, after the expiration of one (1) year from the date hereof, be increased or decreased, from time to time, at the option of the holder hereof. In the event of the exercise of said option, written notice of said increase or decrease shall be sent to the undersigned at least one (1) month prior to the effective date of said increase or decrease which notice shall also set forth the adjusted principal and interest payment, so as not to alter the maturity date. Notwithstanding any other provision herein to the contrary, the undersigned shall have the right, in the event of an increase, to prepay this note in full at any time prior to the effective date of said increase without penalty and without the payment of any additional interest.

In September of 1974, defendant notified plaintiffs Bays by letter that it was exercising the thirty days interest adjustment clause contained in the mortgage note. Because this lawsuit concerns what was said and not said in this and subsequent letters, relevant portions of the 1974 letter are reproduced herein. The letter stated:

> It is due to these increased costs that our Board of Directors has determined the necessity to exercise the 30 days' interest adjustment clause contained in your mortgage note to the extent of a 1½% increase in your present mortgage loan interest rate. This increase will be made effective November 1, 1974.

> It is necessary for us to increase your monthly principal and interest payment to $111.11 in connection with your interest rate adjustment; this extends your loan to a 30 year term. If you want to have your monthly payment increased so as to pay out your loan within the original term, simply notify us in writing and we will change your monthly principal and interest payment to $120.70.

> Your new annual percentage rate is clearly stated on the enclosed "Disclosure Statement"; you will see that this figure is arrived at by taking into consideration loan costs initially paid. Your revised interest rate is still well below current market levels.

To this letter was attached the following disclosure:

> PAYMENT TERMS: Payments for principal and interest on this transaction shall be 360 monthly installments of $111.11 beginning on the 3rd day of November, 1974 and due on the 3rd day of each month thereafter. The finance charge on this transaction accrues from November 1, 1974.

Plaintiffs Bays received similar letters in 1979, 1980 and 1981, except that none of the subsequent letters contained disclosure statements detailing the re-negotiated payment terms. Each subsequent letter proposed a different interest rate increase and offered the same choice to the plaintiffs; they had the option of accepting the proposed interest rate increase and extending the loan to a thirty year term, or they could pay a higher monthly payment and pay out the loan within the remaining term.

It must be noted that while the first letter offered plaintiffs the option of paying out the loan within the original term, all subsequent letters referred to payment within the remaining term.

In their original complaint, plaintiffs assert that these actions by defendant constitute violations of the TIL and regulations promulgated thereunder. Plaintiffs assert that defendant intentionally failed to disclose in each instance that by opting to extend the term of the loan, plaintiffs would end up paying substantially more money in principal and interest than plaintiffs would have paid had they opted for the larger increase in monthly payments, with the loan to be paid within the original or remaining term. Plaintiffs allege that each letter constituted a re-financing of the loan and, therefore, required a disclosure statement under the TIL which was not given by the defendant in 1979, 1980 or 1981, and which allegedly was inadequate in 1974. Plaintiffs allege fraud and violations of the TIL which resulted in financial injury to themselves and all others similarly situated.

Plaintiffs proposed amended complaint relies essentially upon the same set of facts, but seeks to hold defendant liable for civil damages under § 1964 of RICO. The amended complaint also seeks to add George and Alice Childers as named plaintiffs.

Plaintiffs assert that defendant is an enterprise affecting interstate and foreign commerce that has used the United States mail to further a scheme to defraud plaintiffs. Plaintiffs allege that the use of the mails to further the fraudulent scheme constitutes mail fraud in violation of 18 U.S.C. § 1341, and is, therefore, racketeering activity as defined by RICO, 42 U.S.C. § 1961(1), and prohibited by § 1962. Plaintiffs assert that this violation of RICO entitles them to treble damages for the injury caused thereby.

Section 1964(c) of RICO states that:

Any person injured in his business or property by reason of a violation of Section 1962 of this chapter may sue therefore in any appropriate United States District Court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

Section 1962 has four subsections; a reading of plaintiffs' proposed amended complaint and reply memorandum indicates plaintiffs are alleging defendant violated § 1962(c) which states:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprises affairs through a pattern of racketeering activity or collection of unlawful debt.

"Racketeering activity" is defined as, among other things, any act which is indictable under 18 U.S.C. § 1341 (Mail Fraud). Section 1961(1). Section 1341 is violated by use of the United States mail in furtherance of a scheme to defraud. *Pereira v. United States*, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954). A "pattern of racketeering activity" requires at least two acts of racketeering activity within ten years of each other. § 1961(5). A "person" under RICO is defined as "any individual or entity capable of holding a legal or beneficial interest in property." § 1961(3). Finally, an "enterprise" "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."

The obvious must be stated at the outset. RICO has a criminal provision (§ 1962) and a civil remedies provision (§ 1964) and there can be no recovery of damages under § 1964 unless there has been a violation of § 1962. The issue, therefore, is whether plaintiffs have alleged a violation of § 1962 of RICO which would entitle them to recover damages under § 1964.

■ Plaintiffs have alleged an enterprise under RICO but have not alleged any person associated with the enterprise who is conducting the affairs of the enterprise through a pattern of racketeering activity. The language of § 1962 clearly contemplates the interaction of a person and an enterprise, both separately defined by the

Act. RICO prohibits any *person*, employed by or associated with an *enterprise*, from participating in the conduct of such enterprise through a pattern of racketeering activity. RICO does not hold the enterprise criminally liable, but only those persons who seek to participate in the affairs of the enterprise through a pattern of racketeering activity. As noted by plaintiffs in their memorandum, the rule of statutory construction in this Circuit is that "Where a statute is ambiguous, it should be given effect according to its literal language." *Hilliard v. United States*, 310 F.2d 631, 632 (6th Cir. 1962). The language of RICO has been found to be ambiguous on other issues, but we find that this language is clear and that our interpretation is supported by the case law.

■ We have not discovered one case, either cited to us or through our own research wherein the enterprise and the person were the same entity or where a wholly legitimate corporation has been found to have violated RICO absent proof that it was a person who participated in the affairs of an enterprise through a pattern of racketeering activity. In all cases the person defined by the Act is the defendant and is always distinct from the enterprise. It is clear that the element which raises the underlying criminal act to a RICO violation is the defendant's interaction with the enterprise. In order to make out a RICO violation, therefore, two elements are necessary; the defendant's association with an enterprise affecting commerce and a pattern of racketeering activity. *United States v. Groff*, 643 F.2d 396, 400 (6th Cir. 1981); *United States v. Peacock*, 654 F.2d 339, 440–41 (5th Cir. 1981); *United States v. Sutton*, 642 F.2d 1001, 1008 (6th Cir. 1980); *United States v. Morris*, 532 F.2d 436, 441 (5th Cir. 1976).

The United States Court of Appeals of the Sixth Circuit discussed the substantive elements of a RICO violation in *United States v. Sutton*, 642 F.2d 1001 (6th Cir. 1980). Although *Sutton* involved a conviction of conspiracy to violate RICO, we find that the case clearly demonstrates that

there can be no violation of RICO absent a "person" interacting with an "enterprise". The Court stated:

> The object of a RICO conspiracy is to violate a substantive RICO provision— here, to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity—and not merely to commit each of the predicate crimes necessary to demonstrate a pattern of racketeering activity. The gravamen of the conspiracy charge in this case is not that each defendant agreed to commit arson, to steal goods from interstate commerce, to obstruct justice, and to sell narcotics; rather, it is that each agreed to participate directly and indirectly, in the affairs of the enterprise by committing two or more predicate crimes.

*Id.* at 1017, quoting *United States v. Elliot*, 571 F.2d 880, 902–03 (5th Cir.) *cert. denied sub nom., Delph v. United States*, 439 U.S. 953, 99 S.Ct. 349, 58 L.Ed.2d 344 (1978).

■ Plaintiffs here have alleged no more than a predicate crime that could form the basis of a RICO violation—that a business has defrauded its customers and has used the mails to do so on a number of occasions. It is clear to this Court that RICO does not apply to this activity and was never intended to transform violations of state law into federal crimes absent proof of an additional element; that the defendant participated in the affairs of an enterprise through a pattern of racketeering activity. *See United States v. Peacock*, 654 F.2d 339, 348 (5th Cir. 1981) (RICO conviction requires proof of a fact which a single mail fraud conviction does not); *United States v. Grande*, 620 F.2d 1026, 1030 (4th Cir. 1980) (Conviction under 1962(c) requires proof of elements not required to be proven to obtain conviction under 18 U.S.C. § 1341).

■ Therefore, in order to allege a violation of RICO by Hunter Savings Association, plaintiffs would have to assert that Hunter is a person under the Act, associated with an enterprise affecting commerce, and is conducting the affairs of that enterprise through a pattern of racketeering activity. As stated above, it is the activity of

the person, not the enterprise which RICO condemns. Plaintiff's motion for leave to amend the complaint to include a claim for damages under RICO is, therefore, denied.[1]

We decline, however, to rule as a matter of law that plaintiffs have failed to sufficiently allege fraud. In determining whether fraud has been alleged, we must look to Ohio law, whether we are talking about state common-law fraud or mail fraud under 18 U.S.C. § 1341. *See Parr v. United States*, 363 U.S. 370, 389, 80 S.Ct. 1171, 1182, 4 L.Ed.2d 1277 (1959).

 We have read the letters sent to the plaintiffs and find them, at least to be confusing, and possibly intentionally misleading. On the face of the letters, it appears that one option is as desirable as the other, which plaintiffs apparently believed, and which turned out to be a false impression. Defendant asserts it provided all the necessary information for plaintiffs to make an intelligent choice and cannot, therefore, be liable for fraud. We do not agree. Ohio law imposes a duty to make full disclosure in circumstances where full disclosure is necessary to dispel misleading impressions that are, or might have been, created by partial revelation of the facts. *Connelly v. Balkwill*, 174 F.Supp. 49, 160 Ohio St. 430, 116 N.E.2d 701, 11 O.Ops.2d 289 (N.D.Ohio), *aff'd* 279 F.2d 685 (6th Cir. 1959). It is also the law in Ohio that "imperfect information, given in a way calculated to produce a false impression is equivalent to concealment." 24 O. Jur.2d, *Fraud and Deceit*, § 82 at 682.

Defendant here had access to all of the numbers and chose not to provide them to the plaintiffs. Whether this was done with the intention to deceive or defraud the borrower is a question of fact for the jury. We find only that plaintiffs have asserted a claim for fraud for which relief may be granted.

For the reasons stated above, we also decline to rule at this time on whether any of plaintiffs' claims are barred by the statute of limitations. If plaintiffs can prove fraud, the statute of limitations would be tolled until the time the fraud was discovered. *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946). Moreover, the question of whether the extensions of the Childers' loan constituted a re-financing is also a question of fact for the jury. If defendant did re-finance the loan, plaintiffs Childers are protected by the Truth-in-Lending Act. 15 C.F.R. Section 226.8(j).

For the reasons stated above, it is hereby ORDERED that plaintiffs' motion for leave to amend the complaint is denied with regard to Count Five. Plaintiffs' motion is granted as to all other parts.

SO ORDERED.

---

[1]. Even though we have analyzed this issue under § 1962(c) we find plaintiffs' proposed amended complaint deficient under all subsections of § 1962 of RICO for the reasons stated above.