**Charles HULSE, et al.**

v.

**HALE FARMS DEVELOPMENT CORP., et al.**

**Civ. No. H–83–815 (PCD).**

United States District Court, D. Connecticut.

June 14, 1984.

John B. Nolan, Day, Berry & Howard, Hartford, Conn., for plaintiff.

Thomas C. Marshall, Weber & Marshall, New Britain, Conn., for defendant Robert W. Johnson.

Howard M. Wood, III, Wood & Wood, Glastonbury, Conn., for defendant William E. Chipman.

Michael C. Daly, Furey, Donovan & Heiman, Bristol, Conn., for defendants Hale Farms Development Corp. and Howard Levy.

## RULING ON DEFENDANTS' MOTION TO DISMISS

DORSEY, District Judge.

Plaintiffs in this action seek damages for losses incurred in their purchase of limited partnership interests of Glastonbury Associates, a limited partnership formed and existing under the laws of the State of Connecticut. The complaint is framed in two counts. Count I alleges that defendant William Chipman made certain material misrepresentations and omissions in the sale of limited partnership interests of Glastonbury Associates in violation of Section 10 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a, *et seq.*, and Rule 10b–5 promulgated by the Securities and Exchange Commission thereunder. 17 C.F.R. § 240.10(b)–5. Count II alleges that defendants violated the provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68 (RICO), thus subjecting them, *inter alia*, to treble damages for alleged participation in a scheme or artifice to defraud plaintiffs. The motion of defendants Howard Levy (Levy) and Hale Farms Development Corporation (Hale Farms) to dismiss the RICO count under Rule 12(b)(6), Fed.R.Civ.P., must be denied.

■ Our circuit court has recently enumerated the dual pleading burdens required to state a civil RICO claim:

To state a claim for damages under RICO a plaintiff has two pleading burdens. First, he must allege that the defendant has violated the substantive RICO statute, 18 U.S.C. § 1962 (1976), commonly known as "criminal RICO." In so doing, he must allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. 18 U.S.C. § 1962(a)–(c) (1976). Plaintiff must allege adequately defendant's violation of section 1962 before turning to the second burden—*i.e.*, invoking RICO's civil remedies of treble damages, attorneys fees and costs. *See Bays v. Hunter Savings Association,* 539 F.Supp. 1020, 1023 (S.D.Ohio 1982). To satisfy this latter burden, plaintiff must allege that he was "injured in his business or property *by reason of* a violation of section 1962." 18 U.S.C. § 1964(c) (1976) (emphasis added).

*Moss v. Morgan Stanley,* 719 F.2d 5, 17 (2d Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984).

Levy and Hale Farms assert the failure of plaintiffs to satisfy both burdens. As to the substantive or "criminal RICO" allegations, defendants contend that the complaint fails to state, with the specificity required for pleading fraud under Rule 9(b), Fed.R.Civ.P., the circumstances of the two or more acts constituting the pattern of racketeering activity alleged.

In Count II, plaintiffs allege that each of the defendants, in violation of 18 U.S.C. § 1341 (the mail fraud statute), used the mails to lull plaintiffs into a false sense of security about their investment in Glastonbury Associates, and postponed their dis-

covery of the underlying securities fraud by fraudulent pretenses, representations and promises. The complaint asserts the identity, author, recipient, date and nature of the allegedly false letters and documents in question sufficiently as facts constituting mail fraud by the defendants. The allegations here are thus distinguishable from those in *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir.1982), *aff'd on rehearing*, 710 F.2d 1361 (8th Cir.) (en banc), *cert. denied*, —— U.S. ——, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983), stricken as "utterly fail[ing] to apprise defendants of the claims against them and the acts relied upon as constituting the fraud charged." By pleading two or more mailings incident to an essential element of a scheme to defraud violative of the mail fraud statute, 18 U.S.C. § 1341, the complaint satisfies plaintiffs' first pleading burden.

■ Movants' contentions as to the second pleading burden appear to have both a procedural and a substantive element. To the extent the complaint could be said to be defective for failing specifically to allege "injur[y] in ... business or property by reason of a violation of section 1962," 18 U.S.C. § 1964(c), the defect is cured by plaintiffs' preferred recitation of this language in their motion for leave to amend, Rule 15(a), Fed.R.Civ.P., which is granted.

By implication, movants seem to suggest further that RICO's requirement that plaintiff allege he was "injured in his business or property *by reason of* a violation of section 1962" (emphasis added) contains an implicit standing requirement, analogous to that employed in antitrust law. Under this theory, courts have held that an injury is compensable under RICO only if suffered as a result of a distinctive RICO violation, not simply a predicate act. *See, e.g., Bankers Trust Co. v. Feldesman*, 566 F.Supp. 1235, 1240–41 (S.D.N.Y.1983); *Harper v. New Japan Sec. Int'l, Inc.*, 545 F.Supp. 1002, 1006 (C.D.Cal.1982); *Johnsen v. Rogers*, 551 F.Supp. 281, 284–85 (C.D.Cal.1982); *Barker v. Underwriters at Lloyd's, London*, 564 F.Supp. 352, 358 (E.D.Mich.1983); *Clute v. Davenport*, 584 F.Supp. 1562

(D.Conn.1984). Other courts have adhered to a contrary view. *See, e.g., Schact v. Brown*, 711 F.2d 1343, 1357 (7th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 509, 78 L.Ed.2d 698 (1984); *Bennett v. Berg*, 685 F.2d at 1059; *Prudential Lines, Inc. v. McKeon*, No. 80 Civ. 5853 (S.D.N.Y., Apr. 21, 1982); *Landmark Savings & Loan v. Loeb Rhoades*, 527 F.Supp. 206, 208 (E.D. Mich.1981); *Hellenic Lines, Ltd. v. O'Hearn*, 523 F.Supp. 244, 248 (S.D.N.Y. 1981). While the Second Circuit does not appear to have reached the issue, the tenor of *Moss* and its express recitation of the persuasiveness of the Seventh Circuit's decision in *Schact, Moss v. Morgan Stanley*, 719 F.2d at n. 10, suggest that no such pleading obstacle to a civil RICO action need be surmounted by a plaintiff in this circuit in order to state a claim.

This standing requirement, like the now-discredited efforts to limit RICO to "organized crime," *see Moss*, 719 F.2d at 21, stems from a perceived need to constrain the very broad language used in drafting RICO. While Congress may not have contemplated the wholesale elevation of "garden variety" securities and common law fraud violations into RICO claims, *see* Note, *Civil RICO and "Garden Variety" Fraud—A Suggested Analysis*, 58 St. John's L.Rev. 93, 112 (1984), the *Schact* court aptly noted:

[W]hile we are mindful of the jurisprudential maxim that statutes are not to be interpreted woodenly and without regard to their aim, we do not see how any legitimate or principled tailoring of RICO could be effected without impairing the broad strategy embodied in the act. If Congress wishes to avoid the inclusion under RICO's umbrella of 'garden variety' fraud claims involving the operation of enterprises through mail and securities fraud, it may easily do so through removing mail and securities fraud from the list of predicate acts enumerated in § 1961. That is not, however, a program which may be undertaken by this court. *United States v. Turkette*, 452 U.S. 576, 586–87 [101 S.Ct. 2524, 2530, 69 L.Ed.2d 246] ... (1981).

*See also Moss,* 719 F.2d 5, at nn. 10, 13, citing *Schact* approvingly and listing a number of courts which have entertained civil and criminal RICO claims premised, like this claim, on common law fraud and "ordinary" securities fraud violations.

Accordingly, the complaint sufficiently pleads a RICO claim based upon an alleged pattern of racketeering activity involving predicate acts of mail fraud, 18 U.S.C. § 1961(1)(B). The motion to dismiss is denied without prejudice to renewal upon a more developed record. Defendants Levy and Hale Farms shall answer within ten (10) days.

SO ORDERED.