COLONY AT HOLBROOK, INC., Holiday Management Associates, Inc., Holiday Organization Inc., and Hamlet Golf Development Corporation, Plaintiffs,

v.

STRATA G.C., INC., Strata Land Developers, Inc., Tojaelco, Inc., Steven Rubin, personally and in his capacity as president and sole stockholder of Strata G.C., Inc. and Strata Land Developers, Inc., and as agent for Tojaelco, Inc., Ellen Rubin, personally and in her capacity of officer or director of Strata G.C., Inc. and Strata Land Developers, Inc., Augusiewicz Excavating Company, Augusiewicz Contracting Corp., Eugene Augusiewicz, individually and in his capacity of officer or director of Augusiewicz Excavating Company and Augusiewicz Contracting Corp., William Rutter, individually and in his capacity of officer or director of Tojaelco, Inc., Suzanne Nizzari, individually and in her capacity of officer or director of P & N Equipment, Inc., Deer Park Sand & Gravel Corp., Horan Trucking Corp. a/k/a Horan Sand and Gravel and Underhill Equipment Leasing Corp., A & G Materials, Inc., Belli Contracting Co., Inc., European Express Sand & Gravel Corporation, S.P. Materials Inc., John Truscello, individually and in his capacity of officer or director of Strata G.C., and his capacity of officer or director of Truscello Contracting Corp., Truscello Contracting Corp., PAV–CO Asphalt, Inc., Prima Asphalt Concrete, Inc., and John Does #1 through 100, which participated in the construction, excavation and transportation activities at the Colony of Holbrook site, Defendants.

No. CV 95–913.

United States District Court, E.D. New York.

May 21, 1996.

Rivkin Radler & Kremer, Uniondale, New York by Charlotte A. Biblow, Anthony W. Paradiso, Joseph J. Ortega, for Plaintiffs EAB Plaza.

Marshall M. Stern, Huntington Station, NY, for Defendants Steven Rubin, Ellen Rubin.

Law Offices of R. Patrick White, Rutherford, NJ by Ann M. McHale, Vincent J. Rizzo, Jr., for Defendant Augusiewicz Excavating Company, Augusiewicz Contracting Corp., Eugene Augusiewicz.

Gold & Wachtel, Garden City, NY by Jeffrey T. Strauss, for Defendant Deer Park Sand & Gravel Corp.

Long, Tuminello, Besso, Seligman & Quinlan, Bay Shore, NY by David H. Besso, for Defendant P & N Equipment, Inc., S. Nizzari.

Foster & Mazzie, Totowa, NJ by George O. Foster, Pinks, Brooks & Arbeit, Hauppauge, NY by Steven G. Pinks, for Horan Trucking a/k/a Horan Sand & Gravel.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

In this civil RICO action, the defendant Deer Park Sand & Gravel Corp. ("Deer Park") moved the Court, pursuant to Fed. R.Civ.P. 12(b)(6) for an order dismissing the tenth and eleventh counts of the plaintiffs' complaint, which, respectively, set forth the plaintiffs' civil RICO and RICO conspiracy claims. Deer Park contends that the amended complaint fails to state a cause of action upon which relief may be granted and also fails to plead fraud with particularity as required by Fed.R.Civ.P. 9(b). Following the submission of the Deer Park's motion, approval was given by the Court for the plaintiffs to serve and file an amended complaint naming additional party defendants. The parties agreed that Deer Park's motion would be addressed to the amended complaint, the allegations of which are identical to the original complaint.

## BACKGROUND

This case arises from the construction of a residential complex on property owned by the plaintiffs located at Furrows Road in Holbrook, New York.

### A. The parties

The plaintiffs are several affiliated New York corporations engaging in site development and construction: Hamlet Golf Development Corp. ("Hamlet"); Holiday Management Associates, Inc. ("Holiday Management"); Colony at Holbrook, Inc. ("Colony"); and Holiday Organization, Inc. ("Holiday"), (collectively the "plaintiffs").

The defendants are individuals and New York corporations that participated in the construction, excavation, and transportation activities at the site owned by the plaintiffs.

The moving party Deer Park is referred to in the amended complaint as a "transporter." Other defendants identified by the amended complaint as "transporters" are Horan Trucking Corp. ("Horan"), and Underhill Equipment Leasing Corp. ("Underhill") are

also engaged in the business of site construction, excavation, and transportation of construction and excavation material. The amended complaint refers to all of the defendants collectively as the "collective defendants."

## B. *The events giving rise to the complaint*

The amended complaint alleges that the plaintiffs owned property in Holbrook, New York, for which they had plans to develop. These plans included construction of a residential complex known as "The Colony at Holbrook." Annexed to the amended complaint is a written contract dated February 2, 1989 between the plaintiffs and Strata Developers to perform work at the site, including the excavation of eight rainwater collection ponds. The plaintiffs entered into two separate contracts with defendant Tojaelco, each dated November 5, 1990, for final excavating and lining the ponds as well as clearing, grading and excavation of other areas of the property. The amended complaint alleges that the defendant "transporters," including Deer Park, were hired by the excavators. The plaintiffs allege that the collective

defendants ... engaged in a systematic scheme [whereby] Strata, Strata Developers, Tojaelco, Rutter, Rubin and Mrs. Rubin [the excavators] would first excavate the pond[s] an unknown number of feet below the level or grade provided for in the plaintiffs' plans; in return for payment of a fee to the excavators, Augusiewicz, P & N, Nizzari, Deer Park, Horan and Underhill [the transporters] would then transport to the site and deposit unknown materials which may have included solid waste, and construction and demolition debris and other unknown types of wastes into the ponds prepared by the excavators; the ponds would then be covered, lined and graded according to the plaintiffs' plans by the excavators; the transporters would then transport the soil and gravel which had been excavated; the soil and gravel were then also sold for a profit by either the excavators or the transporters.

Amended Compl. ¶ 40.

The amended complaint alleges that in November of 1992, the New York State Department of Environmental Conservation (the "DEC") discovered that solid waste material was allegedly being deposited at the site. Accordingly, the DEC cited the plaintiffs Holiday and Colony as owners of the property for "owning and/or operating a solid waste management facility without a permit[,] for violations of Articles 17, 27 and 71 of the New York State Environmental Law[, and for violating] Part 360 of Title 6 of the Rules and Regulations of the State of New York...." Amended Compl. ¶ 39. Annexed to the amended complaint is a consent order dated October 27, 1993, entered into by the plaintiffs and the DEC, which required, among other things, that the plaintiffs incur the clean-up costs for the removal of solid waste from the site and pay penalties and fines.

The plaintiffs commenced this action on or about March 6, 1995, claiming that the collective defendants acted in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961–1965 ("RICO"). Specifically, the plaintiffs alleged violations of 18 U.S.C. § 1962(c) & (d). They further asserted supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) for their state law claims of fraud and deceit, negligent misrepresentation, continuing trespass, continuing private and public nuisance, breach of contract, conversion, negligence, unjust enrichment, indemnity and restitution.

## C. *The present motion*

The defendant Deer Park moved to dismiss counts ten and eleven of the amended complaint, which contain plaintiffs' RICO claims, under Rule 12(b)(6) for failure to state a cause of action and for failure to comply with the particularity requirements of Rule 9(b). Specifically, defendant argues that 1) the amended complaint fails to state a RICO claim upon which relief can be granted; 2) the amended complaint fails to state the predicate RICO acts of mail and wire fraud with particularity; and 3) in the absence of the RICO claim, the Court should not exercise supplemental jurisdiction over the plaintiff's state claims. In the alternative, Deer Park moves for a more definite statement pursuant to Rule 12(e).

## DISCUSSION

### A. *Pleading a civil RICO cause of action*

The plaintiffs' tenth claim is based on section 1962(c) of Title 18. Under this section,

[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprises's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). Section 1964(c) of Title 18 creates a private right of action for individuals injured as a result of a violation of Section 1962.

The threshold pleading requirements of a private action under Section 1962 of the RICO statute were set forth in *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983), *cert. denied*, 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984), as follows:

To state a claim for damages under RICO a plaintiff has two pleading burdens. First, he must allege that the defendant has violated the substantive RICO statute, 18 U.S.C. § 1962 (1976), commonly known as "criminal RICO." In so doing, he must allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. 18 U.S.C. § 1962(a)-(c). Plaintiff must allege adequately defendant's violation of section 1962 before turning to the second burden—*i.e.*, invoking RICO's civil remedies of treble damages, attorneys fees and costs. *See Bays v. Hunter Savings Association*, 539 F.Supp. 1020, 1023 (S.D.Ohio 1982). To satisfy this latter burden, plaintiff must allege that he was "injured in his business or property *by reason of* a violation of section 1962."

*Id.*

Deer Park contends that 1) the amended complaint fails to plead the requisite predicate acts of racketeering activity, in this case mail fraud, wire fraud, and interstate transportation of stolen property with sufficient particularity under Rule 9(b); 2) that the amended complaint fails to allege a RICO enterprise, and, even if an enterprise is alleged, the plaintiffs have not plead that Deer Park conducted the affairs of the enterprise; 3) the amended complaint fails to allege a pattern of racketeering activity; and 4) the plaintiffs fail to plead that the alleged RICO violations are the proximate cause of their injuries. The Court will address each of these arguments.

### 1. *Predicate acts of racketeering activity*

■ Establishing that a defendant has engaged in a pattern of racketeering activity requires a showing that the defendant has committed at least two predicate acts that are among the offenses delineated in section 1961. *See e.g., Center Cadillac, Inc. v. Bank Leumi Trust Co.*, 808 F.Supp. 213, 227 (S.D.N.Y.1992); *Laverpool v. New York City Transit Authority*, 760 F.Supp. 1046, 1058 (E.D.N.Y.1991). The Plaintiffs contend that Deer Park has engaged in the predicate acts of mail fraud in violation of 18 U.S.C. § 1341; wire fraud in violation of 18 U.S.C. § 1343; and interstate transportation of stolen property in violation of 18 U.S.C. § 2314–2315.

### i. *mail and wire fraud*

In discussing the predicate act of mail fraud, the Second Circuit has stated that

[a]llegations of mail fraud must be made with the particularity required by Federal Rule of Civil Procedure 9(b). *Celpaco, Inc. v. MD Papierfabriken*, 686 F.Supp. 983, 989 (D.Conn.1988). Pursuant to this higher pleading standard, the "complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir.1989). Plaintiffs asserting mail fraud must also identify the purpose of the mailing within the defendant's fraudulent scheme. *See Sun Sav. & Loan*

*Assoc. v. Dierdorff,* 825 F.2d 187, 196 (9th Cir.1987) (mail fraud adequately pled where complaint described letters' date, content, origin, destination, and role in fraudulent scheme); *Sears v. Likens,* 912 F.2d 889, 893 (7th Cir.1990) (dismissing complaint that failed to allege how misrepresentations furthered fraudulent scheme); *Celpaco, Inc.,* 686 F.Supp. at 989.

*McLaughlin v. Anderson,* 962 F.2d 187, 191 (2d Cir.1992).

■ To establish mail fraud the plaintiff must establish that the defendant 1) participated in a scheme to defraud; 2) knowingly used the mail in furtherance of that scheme; and 3) had the specific intent to defraud. *See United States v. Rodolitz,* 786 F.2d 77, 80 (2d Cir.), *cert. denied,* 479 U.S. 826, 107 S.Ct. 102, 93 L.Ed.2d 52 (1986); *Beck v. Manufacturers Hanover Trust Co.,* 820 F.2d 46, 49–50 (2d Cir.1987), *cert. denied,* 484 U.S. 1005, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988); *Asbeka Industries v. Travelers Indem. Co.,* 831 F.Supp. 74, 89 (E.D.N.Y.1993). Acts done inadvertently, mistakenly, or in good faith without an intent to defraud do not satisfy the requirements of the statute. *O'Malley v. New York City Transit Authority,* 896 F.2d 704, 706 (2d Cir.1990).

■ A showing of wire fraud requires a scheme to defraud and use of interstate wire communications to further the scheme. Thus, the elements of wire fraud, and mail fraud are essentially the same. *McLaughlin,* 962 F.2d at 191 (recognizing same elements pled to establish mail fraud); *United States v. Lemire,* 720 F.2d 1327, 1334–35 (D.C.Cir. 1983), *cert. denied,* 467 U.S. 1226, 104 S.Ct. 2678, 81 L.Ed.2d 874 (1984). In both claims, therefore, the plaintiff must set forth the contents of the alleged misrepresentation and "specify how each item was false and misleading." *Official Publications, Inc. v. Kable News Co., Inc.,* 692 F.Supp. 239, 245 (S.D.N.Y.1988), *aff'd in part, rev'd in part,* 884 F.2d 664 (2d Cir.1989). Where there are multiple defendants involved, the plaintiff must "connect the allegations of fraud to each individual defendant." *Center Cadillac, Inc.,* 808 F.Supp. at 230 (citing *Luce v. Edelstein,* 802 F.2d 49, 54 n. 1 (2d Cir.1986)). Therefore the complaint cannot generally re-

fer to fraudulent acts by all or some of the defendants because each defendant is entitled to be informed of facts surrounding the allegations so that they may respond. *Id.*

■ As stated above, allegations of mail fraud and wire fraud must conform to the particularity requirements of Fed.R.Civ.P. 9(b). *See DiVittorio v. Equidyne Extractive Industries, Inc.,* 822 F.2d 1242, 1247 (2d Cir.1987); *Protter,* 904 F.Supp. at 109; *Center Cadillac, Inc.,* 808 F.Supp. at 228. Generally, allegations of mail and wire fraud may not be plead upon information and belief. *DiVittorio,* 822 F.2d at 1247. The sole exception to this rule exists when the facts in issue are "peculiarly within the opposing party's knowledge, in which event the allegations must be accompanied by a statement of facts upon which the belief is based." *Id.*

■ In the present case, the plaintiffs' amended complaint is based upon "knowledge with respect to their own acts and upon information and belief with respect to all other matters ..." Paragraph 107 of the amended complaint alleges: "The defendants in this claim have engaged in a pattern of racketeering activity involving the predicate acts of mail fraud (18 U.S.C. § 1341); wire fraud (18 U.S.C. § 134[3]; and interstate transportation of stolen property (18 U.S.C. § 2314–2315)." With regard to mail fraud and wire fraud, the amended complaint further states that the defendants

devised and intended to devise a scheme or artifice to defraud and for obtaining money or property by means of false or fraudulent pretenses, representations, and promises as set forth above, and for purposes of executing such scheme or artifice or attempting to do so; placed or caused others to place matters or things in the United States mails and took from and received or caused others to take from and receive from the United States mails matters or things in furtherance of the schemes and artifices to defraud set forth herein in violation of 18 U.S.C. § 1341 or transmitted or caused to be transmitted by means of wire communications in interstate or foreign commerce, writings, signs, signals, pictures and sounds, for the purpose of

executing and in furtherance of said schemes or artifices to defraud set forth herein in violation of 18 U.S.C. § 1341.

Amended Compl. ¶ 108. However, nowhere in the amended complaint are there statements setting forth the "content, date, [or] place of any alleged misrepresentations, and the identity of the persons making them." *Center Cadillac, Inc.,* 808 F.Supp. at 229 (citing *Wexner v. First Manhattan Co.,* 902 F.2d 169, 172 (2d Cir.1990) and *Di Vittorio, supra,* 822 F.2d at 1247). Additionally, the amended complaint contains sweeping and general allegations of mail and wire fraud directed at all the defendants rather than connecting the alleged fraud to the individual defendants. In this regard, the amended complaint fails to meet the pleading requirements of Rule 9(b).

The plaintiffs argue that the pleading requirements for mail and wire fraud are satisfied if the policy goals of Rule 9(b) are met. In the alternative, the plaintiffs assert that this case falls within the exception for Rule 9(b) pleading requirements because the details of the fraud are peculiarly within the defendants' knowledge. The Court disagrees with both of these contentions.

■ The underlying purposes of Rule 9(b) are to 1) ensure the defendant has fair notice of the claims against him; 2) protect the defendant's reputation from harm due to unfounded allegations of fraud; and 3) reduce the number of strike suits. *Ross v. Bolton,* 904 F.2d 819, 823 (2d Cir.1990) (commenting that these are rigorously enforced). The plaintiffs claim that the amended complaint alleges enough facts to give Deer Park notice of the claims against it, such that these "salutary purposes" of Rule 9(b) are met. The Court finds that the allegations of the amended complaint do not meet the minimum pleading requirements for mail or wire fraud, which provide that where the "nature and mechanics of the underlying scheme is sufficiently detailed, it is enough to plead the general content of the misrepresentation without stating the exact words involved." *Center Cadillac, supra,* 808 F.Supp. at 229. The amended complaint does not include a statement alleging the defendants' "exact words," nor does it set forth the alleged "general content" of the misrepresentation.

■ The plaintiffs draw the Court's attention to an exception to Rule 9(b) pleading requirements, which provides that information peculiarly within a defendant's knowledge may be plead upon information and belief. However, the exception still requires the pleader to provide a "statement of facts upon which the belief is founded." *DiVittorio, supra,* 822 F.2d at 1248. For example, in *DiVittorio,* the plaintiff alleged fraud by the defendants in the solicitation of purchasers of interest in a partnership. *Id.* at 1243. The plaintiff alleged upon information and belief that the defendants had misstated the general partner's "intention of observing the high standards required of it as a fiduciary." *Id.* at 1248. The court found that this belief was "supported by allegations that defendants failed to maintain segregated finances for their various ventures and actually siphoned the limited partners' monies into other, financially ailing ventures." *Id.* In contrast, the amended complaint in this action provides no such supporting allegations upon which their belief is founded. Rather, the amended complaint states only that the defendants

> placed or caused others to place matters or things in the United States mails and took from and received or caused others to take from and receive from the United States mails matters or things in furtherance of the schemes and artifices to defraud set forth herein in violation of 18 U.S.C. § 1341 or transmitted or caused to be transmitted by means of wire communications in interstate or foreign commerce, writings, signs, signals, pictures and sounds, for the purpose of executing and in furtherance of said schemes or artifices to defraud set forth herein in violation of 18 U.S.C. § 1341.

Amended Compl. ¶ 108. In the Court's view these conclusory allegations, which are not supported by a statement of facts upon which the plaintiffs' belief is founded, are inadequate to permit the defendants to formulate a responsive pleading. The Court therefore finds that the plaintiffs have not plead the predicate acts of mail fraud and wire fraud

with sufficient particularity. Accordingly, the Rico claims predicated on these acts are dismissed.

### ii. *leave to replead*

The Court recognizes that repleading is generally permitted where fraud claims are dismissed for lack of specificity. *See, Kable News Co., supra,* 884 F.2d at 669 (reversing district court's denial of leave to replead and citing *Devaney v. Chester,* 813 F.2d 566, 569 (2d Cir.1987) and *Pross v. Katz,* 784 F.2d 455, 459 (2d Cir.1986)). The Court is also aware that this is not a case in which the plaintiff has repeatedly failed to conform to the requirements of Rule 9(b). However, based on the amended complaint and the representations set forth in the papers submitted in opposition to this motion, the Court questions whether the plaintiffs' mail and wire fraud claims have any potential viability.

As stated above, the amended complaint does not mention any specific mail or wire communication that is allegedly fraudulent. Had the plaintiffs stated in their motion papers that certain facts could be plead in support of their allegations, then the Court would not hesitate to grant leave to replead. However, that is not the case here. The plaintiffs state in their motion papers that

> [i]t is equally obvious that the overall scheme to defraud plaintiffs involved the use of the United States mails and/or wire communications. Particulars pertaining to such instances of mail and wire fraud may be pleaded upon information and belief since they are allegations "unrelated to public documents and publicly disclosed events ... [and] are 'peculiarly within defendants' knowledge.'" *Ballan v. Wilfred American Educational Corp.,* 720 F.Supp. 241, 253 (E.D.N.Y.1989). Such facts can and will be ascertained through the discovery process.

Plaintiffs' memorandum of law, at 9. The plaintiffs also state that they would be "unfamiliar" with the particularities surrounding DEER PARK's precise involvement is understandable in light of the fact that no relationship, contractual or otherwise, existed between these parties, and no communication ever took place between them. *Id.* at 6.

In the Court's view, pleading a viable Rico claim based on mail or wire fraud requires that the plaintiff do more than state that the use of wire and mail communication to effectuate an alleged scheme is self evident. Because the plaintiffs have indicated that they have no further facts to plead in support of the alleged mail and wire fraud, the Court denies leave to replead as futile. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *In re American Express Co.,* 39 F.3d 395 (2d Cir.1994).

### iii. *interstate transportation of stolen property*

The plaintiffs argue that the allegation of interstate transportation of stolen property, 18 U.S.C. §§ 2314–2315, independent of the allegations of mail fraud and wire fraud, is sufficient to establish the required predicate acts in a RICO action.

Among the predicate acts enumerated in section 1961 of title 18 is interstate transportation of stolen property. The defendant contends that, just as with the predicate acts of mail and wire fraud, this act is not pleaded with sufficient particularity as required by Rule 9(b). The plaintiffs argue that interstate transport of stolen property is a non-fraud based allegation, and they therefore need only comply with the more liberal pleading standard of Fed.R.Civ.P. 8(a).

In support of their argument, the plaintiffs cite *Executive Photo, Inc. v. Norrell,* 756 F.Supp. 798 (S.D.N.Y.1991), in which the defendant made an argument similar to that asserted by Deer Park. The court noted that the district courts within the Second Circuit are divided on the issue of whether the particularity requirements of Rule 9(b) should be applied to the pleading of non-fraud based predicate acts. *Id.* at 802–3. The court answered this question in the negative, stating that "the better course is to follow those courts that have applied the rule as it is written, and let Congress redraft it if necessary." *Id.* at 802 (citing *U.S. v. International Brotherhood of Teamsters,* 708 F.Supp. 1388, 1395–96 (S.D.N.Y.1989); *U.S. v. Bonanno Organized Crime Family of La*

*Cosa Nostra,* 683 F.Supp. 1411, 1427–28 (E.D.N.Y.1988), *aff'd* 879 F.2d 20 (2d Cir. 1989) and *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 792 n. 7 (3d Cir.1984), *cert. denied,* 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985)). This Court agrees that allegations of non-fraud based predicate acts need only comply with Rule 8(a) and contain a "short and plain statement" showing the pleader is entitled to relief.

■■ The amended complaint alleges that, "Defendants, acting jointly and in concert[,] engaged in interstate transportation of stolen property in that they knowingly and intentionally transported soil and gravel knowing same to have been stolen, converted, and taken by means of a scheme and artifice to defraud, in violation of 18 U.S.C. §§ 2314–2315." Amended Compl. ¶ 109. It is further alleged that either the excavators or the transporters sold the sand and gravel for money or property. Complaint ¶ 103 (re-alleging ¶¶ 87–89). Plaintiffs allege that as a result of these violations, they were damaged in the amount of $5,000,000. Complaint ¶ 112. Other facts alleged in support of the allegations of illegal transport are set forth in ¶¶ 1 and 40, which state:

1. This action arises out of a scheme conceived and carried out by the defendants to defraud plaintiffs by polluting plaintiffs' property and concealing such pollution in order to make profit. The defendants participated in a scheme whereby certain defendants would contract with the plaintiffs to perform land development services which may have included excavation. After gaining access to the property by reason of the contracts, certain defendants excavated the land well below what was provided for in the contracts. These defendants then agreed with other defendants to transport unknown materials which included solid waste and construction and demolition debris in return for a fee. The transporters then, having dumped the illegal waste at the site, transported soil and gravel from the site, which was then sold.

. . . .

40. As a result of investigations by the DEC, plaintiffs learned that defendants had engaged in a systematic scheme consisting of the following: STRATA, STRATA DEVELOPERS, TOJAELCO, RUTTER, RUBIN, MRS. RUBIN, TRUSCELLO and TRUSCELLO CONTRACTING (hereinafter referred to collectively as "excavators") at each phase of the development of "The Colony at Holbrook" would first excavate the pond an unknown number of feet below the level or grade provided for in the plaintiffs' plans; in return for payment of a fee to the excavators, AUGUSIEWICZ, P & N, NIZZARI, DEER PARK, HORAN and UNDERHILL, A & G, BELLI EUROPEAN, S.P., PAV–CO and PRIMA, (hereinafter referred to collectively as "transporters") would then transport to the site and deposit unknown materials which may have included solid waste, and construction and demolition debris and other unknown types of wastes into the ponds prepared by the excavators; the ponds would then be covered, lined and graded according to the plaintiffs' plans by the excavators; the transporters would then transport the soil and gravel which had been excavated; the soil and gravel were then sold for a profit either by the excavators or the transporters.

Amended Compl. ¶¶ 1, 40.

■■ Accepting the allegations regarding transportation of stolen goods as true and construing them in favor of the pleader, the Court finds that the amended complaint complies sufficiently with pleading requirements regarding that predicate act. Further, the Court finds that the amended complaint sets forth at least two predicate acts in violations of §§ 2314–2315. "Each interstate or foreign transportation of stolen [property] constitutes a separate violation of § 2314, even if the various acts of transportation are part of a single scheme." *United States v. Johnpoll,* 739 F.2d 702, 714 (2d Cir.), *cert. denied,* 469 U.S. 1075, 105 S.Ct. 571, 83 L.Ed.2d 511 (1984). Based on the allegation that approximately 40,000 cubic yards were removed from the plaintiffs' property without their

consent between the years of 1989 and 1993, it is logical to infer that the alleged violations of §§ 2314–2315 occurred more than once. *See* Exhibit D ¶ 11 annexed to Complaint, Amended Compl. ¶ 110. Therefore, the plaintiffs have sufficiently pleaded the commission of two or more predicate acts as required in a RICO claim. *See Moss, supra,* 719 F.2d at 17.

### 2. *Enterprise requirement*

The Defendant next argues that either the Plaintiffs have failed to adequately plead the existence of a RICO enterprise, or, even if an enterprise is adequately stated, the Plaintiffs have failed to allege facts to support a conclusion that Deer Park conducted or participated in the affairs of the enterprise.

Section 1962(c) provides that it is unlawful for "any person employed by or associated with any enterprise ... to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity...." 18 U.S.C. § 1962(c). An enterprise "includes an individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

■ Plaintiffs allege that the collective defendants, including Deer Park, "comprised an association in fact with structure and existence separate and distinct from the racketeering activity alleged herein, which association in fact was an enterprise within the meaning of 18 U.S.C. § 1961(4) whose activities affected interstate commerce." Amended Compl. ¶ 105. The Second Circuit has held that an enterprise consists of "a *group of persons* associated together for a common purpose of engaging in a course of conduct." *Procter & Gamble Co. v. Big Apple Industrial Buildings, Inc.,* 879 F.2d 10, 15 (2d Cir.1989) (emphasis in original), *cert. denied,* 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990). An enterprise can be established by showing the existence of an "ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkette,* 452 U.S. 576, 583, 101 S.Ct. 2524, 2528–29, 69 L.Ed.2d 246 (1981). The plain-

tiffs here alleged that the collective defendants formed an association in fact for the purpose of engaging in a scheme to defraud the plaintiffs and convert their property for the collective defendants' use. That the purpose of the "enterprise" is illegal, is not fatal to the Complaint, because the term encompasses both legitimate and illegitimate purposes. *See Turkette,* 452 U.S. at 580, 101 S.Ct. at 2527.

■ The amended complaint alleges that all the named defendants are also allegedly members of the enterprise. Although the elements of a RICO "enterprise" and a RICO "person" are separate and distinct, *see Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.,* 30 F.3d 339, 344 (2d Cir.1994) (citing *Official Publications, Inc. v. Kable News Co.,* 884 F.2d 664, 668 (2d Cir.1989) and *Bennett v. U.S. Trust Co.,* 770 F.2d 308, 315 (2d Cir.1985), *cert. denied,* 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986)), the Second Circuit has held that a defendant may be both a RICO "person" and one of several members of a RICO "enterprise," *Riverwoods Chappaqua Corp.,* 30 F.3d at 344 (citing *Cullen v. Margiotta,* 811 F.2d 698, 730 (2d Cir.), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987)). Therefore, an allegation that each member of the enterprise is also a defendant does not preclude the existence of a valid enterprise.

■ Deer Park, however, argues that an enterprise has not been alleged, because the plaintiffs have failed to plead an "enterprise" as a separate and distinct element from the "pattern of racketeering" element. According to Deer Park, "[T]he enterprise must be an organization with a structure and goals separate and apart from the predicate acts themselves." Defendant's Memorandum in Support of Motion to Dismiss, at 12. However, the Second Circuit has expressly rejected the view that the term enterprise encompasses only an "association having an ascertainable structure which ... has an existence that can be defined apart from the commission of the predicate acts constituting the 'pattern of racketeering activity.'" *Moss,* 719 F.2d at 22 (citing *U.S. v. Mazzei,* 700 F.2d 85 (2d Cir.), *cert. denied,* 461 U.S. 945,

**1236**

103 S.Ct. 2124, 77 L.Ed.2d 1304 (1983); *U.S. v. Bagaric*, 706 F.2d 42 (2d Cir.1983)). Although the existence of a RICO "enterprise" and a "pattern of racketeering" activity are two separate elements, *Turkette*, 452 U.S. at 583, 101 S.Ct. at 2528–29, the Second Circuit has relied on the Supreme Court's recognition that the "proof used to establish these separate elements may in a particular cases coalesce...." *Id.* at 583, 101 S.Ct. at 2528–29; *see also United States v. Mazzei*, 700 F.2d 85, 89 (2d Cir.) (holding that it is not necessary "that proof of these separate elements be distinct and independent, as long as the proof offered is sufficient to satisfy both elements."), *cert. denied*, 461 U.S. 945, 103 S.Ct. 2124, 77 L.Ed.2d 1304 (1983). In fact, the Second Circuit has "upheld the application of RICO to situations where the enterprise was, in effect, no more than the sum of the predicate racketeering acts." *Moss*, 719 F.2d at 22 (quoting *United States v. Bagaric*, 706 F.2d 42, 55 (2d Cir.), *cert. denied*, 464 U.S. 840, 104 S.Ct. 133, 78 L.Ed.2d 128 (1983)).

The amended complaint alleges that from a period beginning in 1989 and ending in 1993, the collective defendants were engaged in a systematic scheme whereby the excavators would excavate the plaintiff's land in excess of what was authorized and then, for a fee, let other defendants, including Deer Park, dump "[u]nknown material which may have included solid waste, and construction and demolition debris" at the sites. Amended Compl. ¶ 103 (realleging ¶ 40). Plaintiffs further alleged that several of the defendants, including Deer Park, then transported the excavated material, which was sold for a profit by either the transporters (including Deer Park) or the excavators. *Id.* Plaintiffs have therefore alleged the existence of an enterprise consisting of "a group of persons associated together for a common purpose of engaging in a course of conduct." *Procter & Gamble Co.*, 879 F.2d at 15 (emphasis omitted). Based on these assertions, the Court finds that the amended complaint has alleged an enterprise.

■ The defendants next contend that even if the plaintiffs have alleged the existence of an enterprise, the Complaint fails to

allege that Deer Park conducted the RICO enterprise. In *Reves v. Ernst & Young*, 507 U.S. 170, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993), the Supreme Court addressed the issue of whether one must participate in the operation or management of the enterprise itself to be subject to liability under RICO. This question was answered in the affirmative. The Court found that section 1962(c)'s requirement that one conduct the enterprise's affairs contemplated an element of direction. *Id.* at 178, 113 S.Ct. at 1169–70. The Court further stated that the section's "participation" requirement contemplated some part in directing those affairs. *Id.* at 179, 113 S.Ct. at 1170. The Court stated that "one must participate in the operation or management of the enterprise itself" to be liable under § 1962(c). *Reves*, 507 U.S. at 185, 113 S.Ct. at 1173. It is clear, therefore, that "simple taking of directions and performance of tasks that are 'necessary or helpful' to the enterprise, without more, is insufficient to bring a defendant within the scope of § 1962(c)." *United States v. Viola*, 35 F.3d 37, 41 (2d Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1270, 131 L.Ed.2d 148 (1995).

Plaintiffs here allege that Deer Park was one of several defendants involved in the overall scheme to defraud the plaintiffs and that Deer Park itself improperly removed soil from the plaintiffs' property and deposited harmful and impermissible products in its place for profit. The amended complaint does not suggest that Deer Park or the other transporters or excavators were simply taking directions or performing tasks for some other supervisory entity. Assuming that the plaintiffs' allegations are true, as the Court must on a motion to dismiss, Deer Park did more than merely take directions from others. Because in reviewing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) the allegations must be construed in a light most favorable to the plaintiff, the Court determines that the plaintiff has sufficiently plead Deer Park's conduct or participation in the affairs of the alleged enterprise.

### 3. *Pattern of racketeering activity*

■ Deer Park also argues that the amended complaint fails to allege a "pattern"

of racketeering activity sufficient to state a claim under section 1962(c) of title 18 because the plaintiffs have not complied with the Rule 9(b) requirements in pleading the predicate acts. In order to establish such a pattern, plaintiff must allege the "racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 2900–01, 106 L.Ed.2d 195 (1989). The predicate acts are sufficient to form a pattern if the acts have the "same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* at 240, 109 S.Ct. at 2901; *see also United States v. Indelicato*, 865 F.2d 1370, 1382 (2d Cir.) (*en banc*) (stating interrelationship of acts suggesting pattern may be established by showing their "temporal proximity, or common goals, or similarity of methods, or repetitions" as well as by showing involvement of similar participants), *cert. denied*, 493 U.S. 811, 110 S.Ct. 56, 107 L.Ed.2d 24 (1989). "Continuity is both a closed- and open-ended concept, referring to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241, 109 S.Ct. at 2901–02; *see also GICC Capital Corp. v. Technology Finance Corp.*, 67 F.3d 463 (2d Cir.1995) (contrasting open ended and closed ended continuity). Where the criminal scheme has reached its fruition so that it is no longer open-ended, continuity may be shown by alleging that a series of related predicate acts extended over a substantial period of time. *H.J. Inc.*, 492 U.S. at 242, 109 S.Ct. at 2902. Though proof of multiple criminal schemes is not necessary to show a pattern, a few weeks or months is insufficient to qualify as a substantial period of time. *Id.*

█ The amended complaint alleges that the violations of Sections 2314–2315 (interstate transport of stolen property) were part of a single scheme to defraud them whereby sand and gravel was excavated in excess of what their contract required, and several of the collective defendants, including Deer Park, transported it in interstate commerce, and sold it for a profit. Complaint ¶ 101;

¶ 95 (realleging ¶ 80). Plaintiffs have thus met the relatedness requirement of establishing a pattern in that the alleged acts of interstate transport of stolen property involve the same scheme, victims, and participants. The amended complaint further alleges that these violations occurred between 1989 and 1993. Complaint ¶ 102. This is sufficient to meet the continuity requirement. *See Metromedia Co. v. Fugazy*, 983 F.2d 350, 368–69 (2d Cir.1992) (affirming verdict in favor of plaintiff on RICO claim where predicate acts spanned two years and erroneous instruction was harmless), *cert. denied*, 508 U.S. 952, 113 S.Ct. 2445, 124 L.Ed.2d 662 (1993); *Kuczynski v. Ragen Corp.*, 732 F.Supp. 378, 386 (S.D.N.Y.1989) (continuity established where predicate acts occurred over period of six years as part of single fraudulent scheme). The Court finds, therefore, that the amended complaint sufficiently states the RICO claim element of a pattern of racketeering activity.

### 4. *Causation*

Deer Park next contends that the amended complaint fails to allege that the alleged RICO violations are the proximate cause of the plaintiffs' injuries.

█ A plaintiff alleging RICO violations must establish that he was injured in his business or property *by reason of* the alleged violation. *See* 18 U.S.C. § 1964(c) (emphasis added). The allegations of the pleading must "demonstrate that the unlawful activity in question was the proximate cause of the plaintiffs' injuries as well as the actual cause." *Protter* 904 F.Supp. at 110 (citing *Standardbred Owners Ass'n v. Roosevelt Raceway Assocs.*, 985 F.2d 102, 104 (2d Cir. 1993)). The injury must be reasonably foreseeable or anticipated as a natural consequence of the RICO violations. *Id.*

█ Applying the rule to this case, the Court finds that the amended complaint alleges the causation element. The amended complaint states that as a result of the illegal dumping that took place on their property, the plaintiffs were cited by the DEC

for violations of DEC statutes and regulations in operating an illegal solid waste management facility. Pursuant to a DEC Order on Consent, the plaintiffs were required to pay fines and penalties. In addition, the DEC ordered that the plaintiffs investigate, test and analyze the solid waste and incur the clean-up costs for the removal of solid waste from the site.

Amended Compl. ¶ 2 (re-alleged in tenth claim in ¶ 103). The amended complaint further alleges that the collective defendants "removed and/or facilitated the removal of sand and gravel from plaintiffs' property, which removal was unauthorized. [They] then sold the sand and gravel for money or property." Complaint ¶¶ 87–89 (re-alleged in tenth claim by ¶ 103). The plaintiffs contend that "[a]s a proximate result of these violations" they were damaged in the amount of $5,000,000. Complaint ¶ 112. Under the broad pleading requirements of Fed.R.Civ.P. 8(a), the plaintiffs have plead that their loss—fines, clean up costs, and loss of profit for the converted soil and gravel—was both factually and proximately caused by the alleged RICO violations.

Based on the foregoing, the Court finds that the plaintiffs' tenth claim, alleging a violation of 18 U.S.C. § 1962(c) is plead sufficiently, as to the transportation of stolen property, to withstand this motion to dismiss. So saying, the Court states no opinion as to the merits of the claim or the likelihood of its success, but merely finds the amended complaint itself states a cause of action upon which relief may be granted.

### B. Civil RICO Conspiracy

Plaintiffs' eleventh claim is grounded in section 1962(d) of title 18, which makes it "unlawful for any person to conspire to violate any of the provisions of" the section. 18 U.S.C. § 1962(d). Deer Park contends that the plaintiffs have not adequately plead a RICO conspiracy because they have not adequately alleged an agreement among the defendants.

In *Hecht v. Commerce Clearing House, Inc.,* 897 F.2d 21 (2d Cir.1990), the Second Circuit established that the core requirement of a RICO conspiracy claim is an agreement to commit the predicate acts. In *Hecht,* the Second Circuit held that a complaint must, at a minimum, specifically plead such an agreement, and affirmed dismissal of the plaintiff's complaint because it failed to "allege facts implying any agreement involving each of the defendants to commit at least two predicate acts." *Id.* at 25. In order to state a claim for RICO conspiracy, a plaintiff must allege that "each defendant, by words *or actions,* manifested an agreement to commit two predicate acts in furtherance of the common purpose of the RICO enterprise." *Laverpool,* 760 F.Supp. at 1059–60 (emphasis added). Bare and conclusory allegations are insufficient to withstand a motion to dismiss and a plaintiff must plead facts sufficient to show that each defendant knowingly agreed to participate in the conspiracy. *Id. see also Mathon v. Marine Midland Bank,* 875 F.Supp. 986, 1000–01 (finding plaintiffs' complaint containing phrases such as "conspiratorial acts" "conspiratorial manner" "conspiratorial method," and "conspiratorial pattern" insufficient to make out claim for RICO conspiracy).

In the Court's view the amended complaint in this action contains more than bare and conclusory allegations of a RICO conspiracy. Rather, the plaintiffs specifically allege that Deer Park was part of an illegal scheme to defraud the plaintiffs spanning from 1989 to 1993, which involved acts of unauthorized removal of soil and deposit of waste material on the plaintiffs' property. These allegations support an inference that the defendant knowingly agreed to with the contractors and excavators to participate in a conspiracy. At this early stage of the proceedings, based only on the complaint and its attachments, the Court finds that the plaintiffs' claim of a RICO conspiracy states a cause of action upon which relief may be granted.

### C. Pendant state law claims

Deer Park moved the Court to dismiss the plaintiffs' pendant state law claims, upon dismissal of the federal RICO claims. The Court declines to do so, having ruled that some of the federal claims are sufficiently plead.

### CONCLUSION

Based on the foregoing, it is hereby

ORDERED, that Deer Park's motion, pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6), to

dismiss the plaintiffs' civil RICO claims predicated on mail fraud and wire fraud in violation of 18 U.S.C. § 1341 is granted; it is further

ORDERED, that Deer Park's motion, pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6), to dismiss the plaintiffs' civil RICO claim predicated on interstate transportation of stolen property in violation of 18 U.S.C. §§ 2314–15, is denied; it is further

ORDERED, that Deer Park's motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the plaintiffs' conspiracy claim under 18 U.S.C. § 1962(d), is denied; and it is further

ORDERED, that Deer Park's motion to dismiss the plaintiffs' pendant state law claims is denied.

SO ORDERED.